UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND DEAN MYERS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ARLITA BASTO and R. ARIAS,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 18cv2239-DMS(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 22]** |

On January 15, 2019, Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, filed a Motion requesting this Court to appoint counsel. ECF No. 22; see also ECF No. 10 (order granting motion to proceed *in forma pauperis*). In support of his Motion, Plaintiff alleges that he "has absolutely no law or litigation knowledge or experience," and that his "situation includes complicated medical circumstances and terminology that he cannot adequately convey to the Court." ECF No. 22 at 1. Plaintiff further states that he is "unable to afford counsel," he has "very limited" access to the law library, and that "imprisonment will greatly limit his ability to litigate properly." Id. at 1–2. Finally, Plaintiff argues that "this case will likely incur conflicting testimonies and . . . counsel would better enable Plaintiff to present evidence and cross examine witnesses." Id. at 2. Having considered Plaintiff's Motion and the applicable law, the Motion is **DENIED** for the reasons set forth below.

1

## **LEGAL STANDARD**

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## **DISCUSSION**

Thus far, Plaintiff has drafted and submitted several pleadings and motions without the assistance of counsel. See Dkt. In addition to the instant Motion, Plaintiff has submitted the following: a Complaint [ECF No. 1], a Motion to Proceed *in forma pauperis* [ECF No. 2], General Allegations and Exhibits in Support of his Complaint [ECF No. 5], a Motion for Emergency Relief [ECF No. 7], a Motion for a Restraining Order [ECF No. 9], a Motion to Amend his Complaint [ECF No. 14], a Motion to Correct Errors of an Original Order [ECF No. 16], and a Motion for a Copied Set of Exhibits [ECF No. 19]. From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case. Additionally, there is no indication that the issues are overly complex.

While it is too early for the Court to determine Plaintiff's likelihood of success on the merits, Plaintiff fails to establish the requisite "exceptional circumstances" that would warrant appointment of counsel. A plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998) (en banc); see also Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training and poverty did not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding in

*pro se*); Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex issues."); see also LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming a district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). Plaintiff has not established that this case is "exceptional" or that the issues in it are particularly complex.

Because Plaintiff failed to allege the requisite "exceptional circumstances," it is not in the interest of justice to appoint counsel at this time. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED**.

Dated: 1/18/2019

Hon. Barbara L. Major
United States Magistrate Judge