UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND DEAN MYERS,<br><br>Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>Defendants. | Case No.: 18cv2239-DMS(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT PLEADINGS**<br><br>**[ECF No. 32]** |

On April 3, 2019, Plaintiff filed a motion to "Supplement pleading[s]," which was accepted on discrepancy by this Court on April 5, 2019. ECF Nos. 31, 32. Plaintiff's motion to "Supplement pleading[s]" requests that the Court: (1) provide Plaintiff with Court rules and procedures; (2) grant Plaintiff a temporary preliminary injunction; and (3) allow Plaintiff to file previously rejected supplemental pleadings—including three declarations "in support . . . of the Retaliation of the inmates who work in the" prison kitchen—to establish that "there is 'Good Cause' of action stated in the Original ECF of Retaliation." ECF No. 32 at 2.

I. **BACKGROUND**

On September 26, 2018, Plaintiff initiated the instant litigation by filing a Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. ECF No. 1 ("Complaint"). Plaintiff's Complaint named Daniel Paramo, A. Miller, Arlita Basto, and R. Arias as Defendants and alleged both ADA and Eighth Amendment violations. Complaint at 1, 3, 8, 13. On

September 26, 2018, Plaintiff filed a motion for leave to proceed *in forma pauperis* and on October 16, 2018, Plaintiff filed "General Allegations & Exhibits in Support of [his] Complaint." ECF No. 5. On October 24, 2018, Plaintiff filed a motion for emergency injunctive relief and on November 1, 2018, Plaintiff filed a motion for a restraining order. ECF Nos. 7, 9. Plaintiff's motion for emergency injunctive relief and his motion for a restraining order requested "that the Court 'stop' his dietary 'harassment,' direct Basto to serve him an 'actual 2200 calorie diet,' even if 'that means double portions,' and grant him a 'single cell, and permanent for life,' due to 'dangerous gang members' in the building and yards." ECF No. 10 ("November 2018 Order") at 9 (citing ECF Nos. 7, 9); see also ECF No. 7 at 2, 5–6; ECF No. 9 at 2–3.

On November 5, 2018, Judge Sabraw issued an order granting Plaintiff leave to proceed *in forma pauperis* and dismissing *sua sponte* all claims in Plaintiff's Complaint as to Wardens Paramo and Miller "for failing to state a claim upon which § 1983 relief [could] be granted." November 2018 Order at 6–8. Finally, Judge Sabraw denied Plaintiff's motions for emergency injunctive relief and a restraining order based on a lack of personal jurisdiction, and because the "potential harm and risk of injury [we]re merely speculative." Id. at 9–12.

On November 19, 2018, Plaintiff filed what appeared to be a motion to amend his Complaint, but the motion was actually requesting modifications to Judge Sabraw's November 2018 Order. ECF No. 13. The Court denied[1] Plaintiff's motion on November 28, 2018, informing Plaintiff that he could not amend Judge Sabraw's Order, but that Plaintiff was free to file a First Amended Complaint without leave of Court. ECF No. 14. On December 14, 2018, Plaintiff filed another motion to correct alleged errors in Judge Sabraw's November 2018 Order, which was denied by Judge Sabraw on December 17, 2018. ECF Nos. 16, 17.

On January 3, 2019, Plaintiff filed a motion for a free copied set of 280 pages of exhibits that Plaintiff had previously filed. ECF No. 19. On January 9, 2019, this Court denied Plaintiff's motion for a copied set of exhibits, because Plaintiff failed to establish a specific need that would

---

[1] The Court granted, however, Plaintiff's request for an extension of time to file summons. ECF No. 14 at 2.

2

entitle Plaintiff to said copies free of charge. ECF No. 20 at 3–4.

On March 22, 2019, Plaintiff filed supplemental documents seeking among other things judicial notice and again, to modify Judge Sabraw's November 2018 Order. ECF No. 26-1. The Court rejected Plaintiff's March 22, 2019 filing because it did not comply with local rules, there remained no pending motions for Plaintiff's filing to supplement, and because the filing sought to rebut Judge Sabraw's November 2018 Order after Plaintiff was repeatedly instructed that such a request was improper. ECF No. 26.

A few days later, on March 26, 2019, Plaintiff filed a second document entitled judicial notice, which set forth "Evidence In Support of 'Nunc Pro Tunc' of Retaliation" and again, was filed "[i]n rebuttal to Judge [Sabraw's November 2018] Order." ECF No. 27-1. Plaintiff's March 26, 2019 filing was rejected on discrepancy by this Court because Plaintiff was improperly attempting to rebut Judge Sabraw's Order for the fourth time. ECF No. 27. Finally, on April 5, 2019, Plaintiff filed the instant request to "Supplemental pleading[s]," which this Court accepted on discrepancy. ECF Nos. 31, 32.

## II. ACCESS TO COURT RULES

Plaintiff previously requested copies from this Court in his January 3, 2019 motion. ECF No. 19. In his prior motion, Plaintiff stated that he wrote to the Clerk of Court for copies and that the Clerk of Court responded that the request should be made to the Records Section and must be "accompanied by a check or money order." Id. at 1–2, 4. Plaintiff attached to his motion the form sent to him by the Clerk of Court, which included the cost of the requested copies. Id. at 4. This Court denied Plaintiff's prior motion for free copies on January 9, 2019, because Plaintiff failed to establish that he had a specific need to receive said copies free of charge. ECF No. 20 at 3–4. Moving to Plaintiff's instant request to supplement his pleadings, Plaintiff is now requesting free copies of Court rules and procedures. ECF No. 32 at 1.

### A. Legal Standard

While "prisoners have a constitutional right of access to the courts," Bounds v. Smith, 430 U.S. 817, 821 (1977), there is no constitutional right to receive photocopies free of charge. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1990), overruled on other grounds by Lewis v.

Casey, 518 U.S. 343, 351 (1996); see also Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."); Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (finding no violation of "appellant's constitutional rights when [prison officials] refused to provide him with free photocopies . . . ."); Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir, 1997) ([T]here is no First Amendment right to subsidized [legal] mail or photocopying.").

The rule prohibiting free photocopies is the same for plaintiffs proceeding *in forma pauperis*. See In re Richard, 914 F.2d 1526, 1527 (6th Cir. 1990) (Title 28 U.S.C. section 1915 "waives only 'prepayment of fees and costs and security . . .' [but] does not give the litigant a right to have documents copied and returned to him at government expense."); Hadsell v. Comm'r Internal Revenue Service, 107 F.3d 750, 752 (9th Cir. 1997); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (explaining that title 28 U.S.C. section 1915—governing proceedings in forma pauperis—does not waive the payment of fees or expenses required for an indigent's witnesses); Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976) (holding that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress," and that 28 U.S.C. section 1915 does not provide such authorization); Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) (courts are not authorized "to commit federal monies for payment of necessary expenses in a civil suit brought by an indigent litigant."); St. Hilaire v. Winhelm, 1996 WL 119505 (9th Cir. Mar. 18, 1996) ("There is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of deposition transcripts."). Nevertheless, "although a prisoner does not have an unlimited right to free copying, some reasonable means of access to a photocopy machine will be necessary to protect an inmate's right of access to the courts." Armstrong v. Scribner, 2008 WL 268974, at *20 (S.D. Cal. Jan. 30, 2008) (quoting Giles v. Tate, 907 F. Supp. 1135, 1138 (S.D. Ohio 1995)).

**B. Discussion**

Plaintiff requests a copy of Court rules and procedures, stating: "I have written to the Court for the Rules and procedures with no success? May I Have those from the Court?" ECF

No. 32 at 1. Plaintiff further states that he is "not afforded the quality time (4 hrs a week) to research all procedures of Civil and Criminal Law, as to Pre-Law Students and practicing Attorney's." Id. Plaintiff cites Cody v. Weber, 256 F.3d 764 (8th Cir. 2001) to support his request for free copies, which concerned an inmate plaintiff's right of access to the Court. Id. Therefore, it appears Plaintiff is requesting free copies of Court rules while alleging that he is not afforded proper access to the Court. See ECF No. 32 at 1. Because Plaintiff has not filed a motion regarding his access to the Court, Plaintiff's vague statement that he is "not afforded quality [law Library] time" will be addressed only in the context of his request for free copies. See Nelson v. Ignacio, 28 F.3d 107 (9th Cir. 1994) (affirming the district court's holding that a plaintiff "failed to show that he ha[d] been denied meaningful access to the courts because inmates have no constitutional right to free and unlimited photocopying . . . ."). Plaintiff states nothing else concerning his request for Court rules, nor does Plaintiff state what Court rules he is seeking (e.g., Local Civil Rules, the Federal Rules of Civil Procedures, etc.). See generally ECF No. 32.

As stated in this Court's January 9, 2019 Order, absent a showing of specific need, Plaintiff is not entitled to copies of documents free of charge. ECF No. 20 at 3–4. Plaintiff set forth the same reason for requesting copies in his prior motion—that he is not afforded adequate library time. ECF Nos. 19, 32. However, Plaintiff's statement is vague and unsupported by evidence. See ECF No. 32. Plaintiff appears to allege that limited library access is the reason behind his request for copies, but Plaintiff has not established that he is unable to obtain copies of the relevant rules from the prison library. Instead, Plaintiff expects the Court to determine which rules are relevant and then provide all of the relevant rules to him free of charge. While on certain occasions, courts in this district have allowed prisoners to receive free photocopies, those instances are generally limited to situations where the plaintiff must respond to a motion, or correct deficiencies in their pleadings. See, e.g., Martines v. Klein, 2013 WL 4026758, at *1 (S.D. Cal. Aug. 6, 2013) (citing Lewis, 518 U.S. at 350–55) ("While the Court is under no obligation to provide Plaintiff free photocopies . . . the Court . . . direct[s] the Clerk to provide Plaintiff with a copy of his First Amended Complaint . . . and the . . . Order which outline[d] the

deficiencies of that pleading . . . ."); Garcia v. C.D.C.R., et al., No. 3:12cv1084-IEG(KCS), CM/ECF Doc. No. 22, at *2–3 (S.D. Cal Mar. 4, 2013) (stating that inmates are not entitled to photocopies of pleadings, but allowing the plaintiff to receive copies of his complaint and exhibits in order to meaningfully respond to the defendants' motion to dismiss).

Here, given the breadth of the request, the lack of statutory authorization for such an expense, and Plaintiff's failure to establish a specific need related to the instant case for a specific rule, the Court declines to authorize the requested production of documents. Furthermore, Plaintiff's request for free copies is stated alongside his request to supplement pleadings for the improper purpose of rebutting Judge Sabraw's November 2018 Order and supplementing Plaintiff's motions, which have already been decided. See ECF Nos. 32; 26-1. Accordingly, the Court **DENIES** Plaintiff's request for a copy of Court rules and procedures.

### III. TEMPORARY PRELIMINARY INJUNCTION

Plaintiff requests a "Temporary Preliminary Injunction, (cease and desist order) to stop the 'DOUBLE CELLING' of inmates who will endanger [Plaintiff's] life, by either cell abuse or by [Plaintiff] contracting their diseases . . . ." ECF No. 32 at 1–2. Plaintiff further requests:

> [A second] temporary preliminary injunction "cease and desist" order from the Dieticians and CTC culinary Officials, to stop showing the Grievance CDCR 22's to their subordinates and culinary workers who handle and prepare the (special-Diet) means for the (ADA) inmates and to only allow the prep[a]rations be made by the supervisors, due to inmates Retaliation, can contaminate or harm the FOODS.

Id. at 2.

In order to obtain a preliminary injunction or temporary restraining order, a plaintiff is required to file a motion pursuant to Federal Rule of Civil Procedure 65(a) or (b). See Moses v. GMAC Mortg., LLC, 2010 WL 2775634, at *6 (S.D. Cal. July 14, 2010) ("To obtain a preliminary injunction, a plaintiff must file a motion under Federal Rule of Civil Procedure 65(a)."). Here, though Plaintiff filed motions for injunctive relief and a restraining order in October and November of 2018, Judge Sabraw denied both of those motions in his November 2018 Order. November 2018 Order at 9–12. Since that time, however, Plaintiff has not filed a new motion

6

18cv2239-DMS(BLM)

for either injunctive relief or a restraining order. See generally Dkt. On March 21, 2019, Plaintiff did attempt to file a motion for judicial notice and to supplement pleadings, which included declarations in support of Plaintiff's prior motions for injunctive relief and a restraining order. See ECF No. 26-1. However, this document was rejected on discrepancy because it attempted to improperly modify Judge Sabraw's original November 2018 Order and supplement motions that had already been decided. See ECF No. 26 at 1. In addition, even if Plaintiff's March 21, 2019 rejected supplemental pleadings had been accepted, Plaintiff did not file a new motion for injunctive relief or a temporary restraining order. See id. Instead, Plaintiff was attempting to supplement his prior motions, which had already been decided by the Court. See id.; ECF No. 26-1; November 2018 Order. Because there is no pending motion for injunctive relief, Plaintiff's request for a preliminary injunction in his request to supplement pleadings is improper and the Court **DENIES** it. See Moses, 2010 WL 2775634, at *6.

### IV. SUPPLEMENTAL PLEADINGS SUPPORTING RETALIATION CLAIM

Plaintiff is requesting to submit previously rejected pleadings, which include three declarations in support "of the Retaliation of the inmates who work in the (Culinary kitchens and CTC kitchens)." ECF No. 32 at 2. Plaintiff acknowledges that the declarations were included in Plaintiff's supplemental pleadings, which were rejected by this Court on March 22, 2019. Id.; ECF No. 26-1.

**A. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 15(d):

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). "'Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed.'" Burnett v. Dugan, 2011 WL 1002171, at *2 (S.D. Cal. Feb. 23, 2011), report and recommendation adopted, 2011

WL 1002145 (S.D. Cal. Mar. 21, 2011), aff'd, 536 F. App'x 739 (9th Cir. 2013) (quoting Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir. 2010)).

### B. Discussion

Here, Plaintiff styled his motion as one for leave to supplement his pleadings, but the documents Plaintiff seeks to file state that they are in support of ECF Nos. 7 and 9—Plaintiff's previously decided motions for injunctive relief and a restraining order—and in rebuttal to Judge Sabraw's November 2018 Order. ECF No. 26-1 at 1. Therefore, instead of supplementing his pleadings, it appears that Plaintiff is attempting to supplement prior motions and challenge Judge Sabraw's November 2018 Order. Plaintiff has repeatedly been told that this is not an appropriate request. However, within the documents Plaintiff seeks to file, Plaintiff states that he "should be allowed to add a retaliation claim to his complaint," making it appear that Plaintiff could be seeking leave to amend his Complaint. Id. at 26-1 at 29. If Plaintiff wants to amend his Complaint, he may file a motion requesting permission to file an amended complaint. Plaintiff is not allowed to amend his pleadings after a judge has ruled on them. Plaintiff also is not allowed to amend or rebut an order issued by a judge. If Plaintiff wants to ask a judge to reconsider a previously issued order, Plaintiff must file a timely motion for reconsideration that complies with the relevant rules. See Local Rule 7.1(i)(1–2). Plaintiff's request to file supplemental pleadings in support of his prior motions and to rebut Judge Sabraw's November 2018 Order is **DENIED**.

**IT IS SO ORDERED**.

Dated: 5/3/2019

Hon. Barbara L. Major
United States Magistrate Judge