UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND DEAN MYERS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ARLITA BASTO and R. ARIAS,<br><br>　　　　　　　　　　　Defendants. | Case No.: 18cv2239-DMS(BLM)<br><br>**REPORT AND RECOMMENDATION GRANTING DEFENDANT R. ARIAS' MOTION TO SEVER AND DISMISS PLAINTIFF'S CLAIMS AS TO DEFENDANT ARLITO BASTO**<br><br>**[ECF No. 28]** |

This Report and Recommendation is submitted to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. For the reasons set forth below, this Court **RECOMMENDS** that Defendant R. Arias' motion to sever and dismiss Plaintiff's claims as to Defendant Basto be **GRANTED**.

### **BACKGROUND**

Plaintiff Raymond Dean Myers is a state prisoner proceeding *pro se* and *in forma pauperis*, who currently resides at Richard Donovan Correctional Facility ("RJD"). ECF No. 1 ("Complaint") at 1. Plaintiff initiated this action on September 26, 2018 when he filed a complaint under the

Civil Rights Act, 42 U.S.C. § 1983, alleging ADA and Eighth Amendment violations. See id. at 3, 8, 13. Plaintiff's Complaint named Daniel Paramo, A. Miller, Arlita Basto, and R. Arias as Defendants. Id. at 1. On November 5, 2018, District Judge Sabraw issued an Order dismissing *sua sponte* Defendants Paramo and Miller "for fail[ure] to state a claim upon which § 1983 relief [could] be granted." ECF No. 10 at 6–8. Plaintiff has filed several miscellaneous motions since filing his original Complaint, but Defendants Arias and Basto have not yet filed an Answer. See Dkt. On April 4, 2019, Defendant R. Arias filed the instant "Motion Under Federal Rule of Civil Procedure 21" seeking to "sever and dismiss Plaintiff's claims as to unserved Defendant Basto." ECF No. 28-1 ("Mot.") at 2. Defendant Basto has since been served. See ECF No. 45. On April 5, 2019, this Court set a briefing schedule governing Arias' motion [ECF No. 30], but Plaintiff failed to file an opposition or notice of non-opposition in response to Arias' motion.[1] See Dkt.

## **FACTUAL BACKGROUND**

In his Complaint, Plaintiff describes himself as an "ADA Inmate" and alleges that Defendants Arias and Basto were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment. Complaint at 3, 8–17. Plaintiff alleges that he has "a suppressed immune system from [a] past splenectomy . . . , extensive chemo-therapy for lymphoma . . . , a superior vena cava occlusion . . . , and current ringworm." Id. at 3. Plaintiff also claims to have "transverse m[ye]litis causing 'paralysis of the T-8 spinal cord,'" celiac sprue (a gluten allergy), renal failure, shingles, and a history of e coli. Id. at 8–9, 13. Plaintiff further alleges

---

[1] Though Plaintiff failed to file an opposition in response to Defendant Arias' motion, Plaintiff did file "objections" to various Court Orders in this case, which were accepted on discrepancy. See ECF No. 41. Objection number six (6) states "I object to the dismissal of jointer [sic] will force plaintiff to file another Law Suit and pay another court cost filing fee of $350.00, a total cost of $700.00, and will always remain on plaintiff's account along with the $2,500 restitution." Id. at 2. Even if the Court were to consider Plaintiff's standalone objection to Arias' motion, Plaintiff's desire to avoid additional filing fees does not justify allowing for permissive joinder of a Defendant where such joinder would be inappropriate. See Corley v. Google, Inc., 316 F.R.D. 277, 292 (N.D. Cal. 2016) (citing U.S.C. § 1915(a)) (explaining that where a plaintiffs lacks the financial resources to file a new complaint, the plaintiff can apply to proceed *in forma pauperis* and upon a showing that plaintiff is unable to pay, "a court may authorize the commencement of a suit without prepayment of the [required] filing fee . . . ."). Plaintiff has made no showing as to "why the in forma pauperis procedure would not alleviate [his] financial burden." See id.

that he contracted Hepatitis-C after being double celled with inmate Jesse Rassenberg, who Plaintiff claims to be a carrier of the virus. Id. at 4. Plaintiff asserts that the Hepatitis-C is "causing 'irreparable damage' [to] his liver" through cirrhosis, which will continue "for the rest of his natural life." Id. Plaintiff contends that Arias participated in the wrongful "double-celling" of Plaintiff with other inmates at Centinela State Prison ("Centinela") between November 2013 and March 2014, when Plaintiff allegedly contracted Hepatitis-C. Id. at 13–14.

Plaintiff alleges that his claims against Basto arose after Plaintiff's transfer to RJD on April 21, 2017. Id. at 8. Plaintiff asserts that Basto deliberately disregarded Plaintiff's need for a 2200–2400 calorie diet, which was allegedly ordered by Plaintiff's primary care provider. Id. at 8–9. Plaintiff alleges that Basto does not allow Plaintiff—an ADA inmate—"to 'obtain proper food amounts' and calories . . . ," subjecting Plaintiff to Basto's deliberate indifference, in violation of Plaintiff's Eighth Amendment rights. Id. at 9. Plaintiff further alleges that Basto's actions cause Plaintiff "to obtain the needed calories by taking an 'extra lunch' when available, before guards can stop him and take away . . . [the] food." Id. at 8. Plaintiff contends that taking an extra lunch has led to "many threats of a serious 115 violation[s] (disciplinary action), and also verbal assaults and constant harassment from certain (bully) Guards in the cafeteria . . . ." Id.

## **LEGAL STANDARD**

"Rule 20(a) imposes two specific requisites for the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). Where already joined parties "fail to meet both of these requirements, the district court may sever the misjoin[ed] [parties], as long as no substantial right will be prejudiced by the severance." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); see also Fed R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

///

The requirements of Rule 20(a) are "to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." Id. However, even if the requirements of Rule 20(a) are satisfied, district courts have discretion to deny joinder upon determining "whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980)); see also Harmon v. Brown, 2018 WL 6243246, at *1 (S.D. Cal. Nov. 29, 2018) ("Even if the standard for permissive joinder under Rule 20(a) is satisfied, district courts have the discretion to refuse joinder in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness."). In deciding whether a party is properly joined, "a court should consider [among other things] factors such as the possible prejudice that may result to any of the parties in the litigation . . . , the closeness of the relationship between the new and old parties . . . , and the new party's notice of the pending action." Desert Empire Bank, 623 F.2d at 1375.

## **DISCUSSION**

Arias argues that other than Plaintiff's allegation that "both Defendants were deliberately indifferent to his health, there is no relation between . . . the two named Defendants or the alleged incidents." Mot. at 4. Arias argues that Plaintiff's claim against him "is that in 2013 or 2014, Captain Arias was deliberately indifferent to [Plaintiff's] health when Arias housed Plaintiff with another inmate with Hepatitis C while at Centinela, resulting in Plaintiff contracting Hepatitis C." Id. Arias argues that conversely, Plaintiff's claim against Defendant Basto "is that in 2017, Dietician Basto was deliberately indifferent to [Plaintiff's] health at RJD when she ignored a medical order for Plaintiff to receive additional calories to manage his celiac disease." Id. Arias argues that Plaintiff failed to allege how Arias was "involved in any way in Defendant Basto's alleged failure to provide Plaintiff with" an appropriate diet, as well as how Defendant Basto "participated in any way in the [2013] decision to house Plaintiff with" another inmate at Centinela. Id. Finally, Arias argues that "[i]f Plaintiff is allowed to bring unrelated claims in this action, he avoids paying the separate filing fees and otherwise skirts the [requirements of the

4

Prison Litigation Reform Act ("PLRA")] because he can minimize the chance of incurring a 'strike' against him should one of his claims be dismissed" as frivolous or for failure to state a claim.[2] Id.

### A. Whether a Right to Relief was Asserted Against Defendants Arias and Basto Relating to or Arising Out of the Same Transaction or Occurrence

Here, Plaintiff's claims against Arias and Basto are not related to—nor do they arise from—the same transaction or occurrence. Plaintiff's claim against Arias relates to the alleged occurrence of Plaintiff being double celled with another inmate, who purportedly carried Hepatitis-C and consequently, infected Plaintiff. See Complaint at 13–14. Conversely, Plaintiff's claim against Basto relates to multiple occurrences of Basto allegedly refusing to provide Plaintiff with a 2200–2400 calorie diet since Plaintiff's arrival at RJD. See id. at 8. In addition, Plaintiff claims the incidents involving Arias occurred sometime between November 2013 and March 2014, but the incidents involving Basto did not arise until April 2017. See id. at 8, 13–14. Moreover, Plaintiff's claims against Arias allegedly occurred at Centinela State Prison, but Plaintiff's claims against Basto allegedly occurred at RJD. Id. at 8, 13. Plaintiff's experience with Arias and Plaintiff's experience with Basto are differentiated by the actors, the time, the place, and the surrounding facts, which establishes that the occurrences with Arias and Basto do not relate to, nor arise from, the same transaction or occurrence. See Johnson v. Pamplin, 2018 WL 316974, at 3 (S.D. Cal. January 8, 2018) (quoting Sua v. Espinda, 2010 WL 184314, at *2 (D. Haw. Jan. 19, 2010)) (explaining that "[u]nrelated claims involving unrelated defendants belong in different suits," even where the defendants worked at the same facility and the occurrences took place within twenty-four hours of each other); Denham v. Aranda, 2012 WL 3561988, *3 (S.D. Cal. August 17, 2012) ("Though the Court appreciates the connection [the plaintiff] draws between one event, the next, and the next, the chain of events must end somewhere. Even if the transaction or occurrence that first gave rise to . . . [the

---

[2] Section 1915(g) of the PLRA limits prisoners to three civil actions or appeals of a judgment where those actions or appeals are either "frivolous, malicious, or fail to state a claim upon which relief may be granted . . . ." 28 U.S.C.A. § 1915(g).

retaliation] resulted in [the plaintiff's] transfer whereby he suffered this series of unfortunate events, the Court finds those events sufficiently distinct from the retaliation that they do not make up the same 'series of transactions or occurrences' for purposes of Rule 20.").

Furthermore, though *pro se* pleadings should be construed liberally, the pleadings "must nevertheless contain factual allegations which the Court can construe." Johnson v. Pamplin, 2018 WL 316974, at *3 (S.D. Cal. January 8, 2018). Here, Plaintiff has stated no factual allegations that link his claim against Arias to his claim against Basto. See, e.g., Klan v. Dublin Police Dep't, 2016 WL3682545, at *8 (N.D. Cal. July 12, 2016) (finding permissive joinder inappropriate where there was "no factual overlap between [the plaintiff's] experience being arrested and transported to San Diego and his experience in court once there."). Accordingly, Plaintiff's claims against Arias and Basto do not arise from, nor relate to, the same transaction or occurrence.

**B. Whether a Question of Law or Fact Common to All the Parties Exists**

Though Plaintiff's claims against Arias did not arise from, nor relate to, Plaintiff's claims against Basto, Plaintiff did allege the same general violations of law against both Defendants. Count 2 of Plaintiff's Complaint concerns his allegations against Defendant Basto, and Count 3 details Plaintiff's allegations against Defendant Arias. See Complaint at 8, 13. In both Count 2 and Count 3, Plaintiff lists "ADA violation[s] and Eighth Amendment violation[s]," as the specific rights that were violated. See id. However, "the mere fact that all Plaintiff['s] claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). See also Visendi v. Bank of American, N.A., 733 F.3d 863, 870 (9th Cir. 2013) (finding no commonality of facts or law where the "Plaintiffs merely allege[d] that Defendants violated the same laws in comparable ways."). Here, the allegations against Arias and the allegations against Basto constitute two separate and unrelated incidents, and the Court finds no common question of law or fact as to the Defendants. Furthermore, because the claims against Arias and Basto do not relate to, nor arise from, the same transaction or occurrence, Plaintiff cannot satisfy the two-part test necessary to join his claims against Defendant Basto with those against Defendant Arias.

6

18cv2239-DMS(BLM)

## C. Prejudice and the Interests of Justice

Given the differences between Plaintiff's claims against Basto and his claims against Arias—and the need for those claims to be viewed in an individual light—severance and dismissal of the claims against Basto is in the interest of justice and will promote trial efficiency. See Coughlin, 130 F.3d at 1351 (holding severance of plaintiffs was proper where the claims needed to "be viewed in a separate an individual light," while stating that "Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense."). Furthermore, because Plaintiff's alleged claims against Basto appear to be ongoing,[3] it is unlikely that Plaintiff will be prejudiced by any statutes of limitations surrounding those claims. See Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) ("[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'") Finally, due to the early stage in litigation [see generally Dkt.], Plaintiff has no substantial right that will be prejudiced by Defendant Basto's dismissal.

## **CONCLUSION**

For the reasons stated above, Plaintiff cannot overcome the two-part test necessary to allow Defendant Basto to remain as a defendant in this case, because Plaintiff's claims against Basto and Arias are not related. Accordingly, this Court **RECOMMENDS** that Defendant Arias' motion be **GRANTED** and the claims against Defendant Basto be severed and **DISMISSED** without prejudice.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **June 20,**

---

[3] Plaintiff motioned the Court for emergency injunctive relief and a restraining order requesting, among other things, that Basto be directed to serve Plaintiff a 2200 calorie diet. See ECF Nos. 7, 9. These motions were made in October and November of 2018 and after Judge Sabraw denied said motions, Plaintiff made several attempts to challenge Judge Sabraw's Order, most recently in April of 2019. See ECF Nos. 7, 9, 10, 14, 16, 26, 27, 32. Accordingly, Plaintiff's alleged claims against Basto will remain ongoing so long as (1) Plaintiff continues to receive a less than 2200 calorie diet, and (2) Basto has the authority to increase Plaintiff's caloric intake.

**2019**.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 11, 2019**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: 5/22/2019

Hon. Barbara L. Major
United States Magistrate Judge